LEGAL MAIL
PROVIDED TO ~ ~ ~ON
FLORIDA ST~ ~ ~ ~ FOR MAILING.
DATE 8-20-8
INMATES INITIALS DB

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

Jacksonville Division

### CIVIL RIGHTS COMPLAINT FORM

DAVEN O. BOWDEN

# Q08950

CASE NUMBER: 3:08-CV-00798 - TJC-HTS
(To be supplied by Clerk's Office)

(Enter full name of each Plaintiff and prison
number, if applicable)

v.

OFFICER TIMOTHY HERRING        CAPTAIN RUDOLPH MCGREGOR

OFFICER M. HINLEY              LIEUTENANT   WILKERSON

OFFICER  M. HAYSTIE            SERGEANT J.L. ROSS

CAPTAIN OSCAR PEARCE           P.A., WILLIAM MATHEWS, ET AL.

(Enter full name of each Defendant. If
additional space is required, use the blank
area directly to the right).

## ANSWER ALL OF THE FOLLOWING QUESTIONS:

I.    PLACE OF PRESENT CONFINEMENT: FLORIDA STATE PRISON • 7819
                    (Indicate the name and location)

NW 228 Lh STREET • RAIFORD, FLORIDA 32026

II.   DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN
      THE FLORIDA DEPARTMENT OF CORRECTIONS? Yes (✓) No ( )

      [If your answer is YES, after reviewing the exhaustion requirements, answer the following
      questions]

<u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

<u>EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES:</u>

<u>General Grievance</u>

1. Informal Grievance (Form DC3-005)
2. Formal Grievance (Form DC1-303)
3. Appeal to the Office of Secretary (Form DC1-303)

<u>Other Grievance</u>

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

<u>Questions:</u>

A. <u>Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22</u> (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

1. Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)? Yes (✓) No ( )

2. If so, you must attach a copy of the grievance and response to this Complaint form. *SEE Exhibits A And B*

3. Were you denied emergency status? Yes (✓) No ( )

   a. If so, did you go through the informal grievance, formal grievance and appeal process? Yes (✓) No ( )

   b. If so, you must attach copies of the grievance/appeals and responses to this Complaint form *UNAvailable to attach*

B. <u>Informal Grievance (Request for *interview*)</u>

1. Did you submit an informal grievance (Form DC3-005)? Yes ( ) No (✓)

2. If so, you must attach a copy of the grievance and response to this Complaint form.

C.   Formal Grievance (Request for Administrative Remedy or Appeal)

1. Did you have a disciplinary hearing concerning this matter? Yes (✓) No ( )

2. If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.
   *See Attached Exhibits D and E*

3. Did you submit a formal grievance (Form DC1-303)? Yes (✓) No ( )

4. If so, you must attach a copy of the grievance and response to this Complaint form.
   *See Attached Exhibits A, B, D and E*

D.   Appeal to the Office of the Secretary (Request for Administrative Remedy or Appeal)

1. Did you submit an appeal to the Office of the Secretary (Form DC1-303)?
   Yes (✓) No ( )

2. If so, you must attach a copy of the appeal and response to this Complaint form.
   *See Attached Exhibit D and E and E*

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this **4th** day of **August**, **2008**.

_____
Signature of Plaintiff

*Note:*
*See Attached Exhibit F = Medical sick-calls*
*See Attached Exhibit G = Letters from Prison Advocate*

III.   <u>DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY</u>? Yes ( ) No (✓)

If your answer is YES, answer the following questions.

A.   Is there a grievance procedure at your institution or jail? Yes ( ) No ( )

B.   Did you present the facts relating to your Complaint in the grievance procedure? Yes ( ) No ( )

C.   If your answer is YES:

   1.   What steps did you take? _____

   _____

   2.   What were the results? _____

   _____

   3.   To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

D.   If your answer is NO, explain why not: _____

   _____


I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this ___7th___ day of ___August_____, 2 00 8 ___.


_____
Signature of Plaintiff

IV.     PREVIOUS LAWSUITS:

A.  Have you initiated other lawsuits in <u>state</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes (  ) No ( ✓ )

B.  Have you initiated other lawsuits in <u>federal</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes (  ) No ( ✓ )

C.  If your answer to either A or B is YES, describe each lawsuit in the space provided below.  If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

    1.  Parties to previous lawsuit:

        Plaintiff(s): _____

        Defendant(s): _____

        _____

    2.  Court (if federal court, name the district; if state court, name the county):

        _____

    3.  Docket Number: _____

    4.  Name of judge: _____

    5.  Briefly describe the facts and basis of the lawsuit: _____

        _____

    6.  Disposition (Was the case dismissed?  Was it appealed?  Is it still pending?):

        _____

    7.  Approximate filing date: _____

    8.  Approximate disposition date: _____

D.  Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case:

N/A

V.   PARTIES:  In part A of this section, indicate your full name in the first blank and your full
mailing address in the second blank.  Do the same for each additional Plaintiff named in the
Complaint (if any) in part B of this section:

A.   Name of Plaintiff:  DAVEN BOWDEN

Mailing address:  7819 NW 228 TH STREET · RAIFORD ,
FLORIDA 32026

B.   Additional Plaintiffs: _____

_____

_____

In part C of this section, indicate the full name of the first named Defendant.  Also, fill in his
or her mailing address, position, and where he or she is employed.  For any additional
Defendants, use parts D through G of this section for the names, addresses, positions and
places of employment:

C.   Defendant:  TIMOTHY HERRING

Mailing Address:  7819 NW 228 TH STREET · RAIFORD,
FLORIDA 32026

Position:  CORRECTIONAL OFFICER

Employed at:  FLORIDA STATE PRISON

D.   Defendant:  M.  HINLEY

Mailing Address:  7819 NW 228 TH STREET · RAIFORD ,
FLORIDA 32026

Position:  CORRECTIONAL OFFICER

Employed at:  FLORIDA STATE PRISON

E.  Defendant:        HAYSTIE

Mailing Address:  7819 NW 228 TH STREET • RAIFORD, FLORIDA 32026

Position:  CORRECTIONAL OFFICER

Employed at:  FLORIDA STATE PRISON

F.  Defendant:  OSCAR PEARCE

Mailing Address:  7819 NW 228 TH STREET • RAIFORD, FLORIDA 32026

Position:  CORRECTIONAL OFFICER CAPTAIN

Employed at:  FLORIDA STATE PRISON

G.  Defendant:  RUDOLPH MC GREGOR

Mailing Address:  7819 NW 228 TH STREET • RAIFORD, FLORIDA 32026

Position:  CORRECTIONAL OFFICER CAPTAIN

Employed at:  FLORIDA STATE PRISON

H.  Defendant:        WILKERSON

Mailing Address:  7819 NW 228 TH STREET • RAIFORD, FLORIDA 32026

Position:  CORRECTIONAL OFFICER LIEUTENANT

Employed at:  FLORIDA STATE PRISON

**I. Defendant:** J.L. ROSS

Mailing Address: 7819 NW 228TH STREET · RAIFORD, FLORIDA 32026

Position: CORRECTIONAL OFFICER SERGEANT

Employed at: FLORIDA STATE PRISON

**J. Defendant:** JOHN DOE

Mailing Address: 7819 NW 228TH STREET · RAIFORD, FLORIDA 32026

Position: LICENSED PRACTICAL NURSE

Employed at: FLORIDA STATE PRISON

**K. Defendant:** WILLIAM MATHEWS

Mailing Address: 7819 NW 228TH STREET · RAIFORD, FLORIDA 32026

Position: PHYSICIAN ASSISTANT

Employed at: FLORIDA STATE PRISON

L. Defendant: FISH

Mailing Address: 7819 NW 228TH STREET · RAIFORD, FLORIDA 32026

Position: PRISON INSPECTOR

Employed at: FLORIDA STATE PRISON

**M.** Defendant:  RANDALL BRYANT

Mailing Address:  7819 NW 228TH STREET . RAIFORD,

FLORIDA 32026

Position:  WARDEN

Employed at:  FLORIDA STATE PRISON

**N.** Defendant:  WALTER MC NEIL

Mailing Address:  2601 BLAIR STONE ROAD . TALLAHASSEE,

FLORIDA ▓▓▓▓ 32399 - 2500

Position:  SECRETARY

Employed at:  FLORIDA DEPARTMENT OF CORRECTIONS

**O.** Defendant:  PAUL DECKER

Mailing Address:  2601 BLAIR STONE ROAD . TALLAHASSEE.

FLORIDA 32399 . 2500

Position:  INSPECTOR GENERAL

Employed at:  FLORIDA DEPARTMENT OF CORRECTIONS

VI.   <u>STATEMENT OF CLAIM</u>: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

1. The action of defendant Herring in using physical force against plaintiff without need or provocation, were done Maliciously and Sadistically and Constituted Cruel and Unusual Punishment in Violation of the Eighth Amendment of the United States Constitution. He is Sued

VII.   <u>STATEMENT OF FACTS</u>: State as briefly as possible the FACTS of your case. Describe how each defendant was involved. <u>Do not make any legal arguments or cite any cases or statutes.</u> State with as much specificity as possible the facts in the following manner:

1.   Name and position of person(s) involved.
2.   Date(s).
3.   Place(s).
4.   Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5.   Nature and extent of injury (*i.e.*, physical injury or how you were harmed by the acts of the defendant(s)).



See Attached pages 9,(A-M)

VI. STATEMENT OF CLAIM, Continued:

in his individual Capacity.

2. The action of defendant Herring in using physical force against the plaintiff without need or provocation Constituted the tort of assault and battery under the Law of Florida.

3. The action of defendant Herring in retaliating against plaintiff for filing administrative grievances against him Concerning his misconduct, violated plaintiff's right to the First Amendment to the United States Constitution.

4. The actions of defendants Hinley and Haystic in failing to intervene to prevent the misuse of force, were done maliciously and Sadistically, Constituted deliberate indifference in violation of the Eighth Amendment to the United States Constitution. They are Sued in their individual Capacity.

5. The actions of defendants Hinley and Haystic in failing to intervene to prevent the misuse of force, were done maliciously and Sadistically Constituted the tort of negligence under the Law of Florida.

6. The actions of defendants Pearce, Mc Gregor and Wilkerson in failing to take disciplinary or other action to curb the Known pattern of physical abuse of inmates by defendant Herring, Constituted deliberate indifference in violation of the Eighth Amendment to the United States Constitution. They are Sued in their individual Capacity.

VI. STATEMENT OF CLAIM, Continued:

7. The actions of defendants Pearce, McGregor and Wilkerson in in failing to take disciplinary or other action to curb the Known pattern of physical abuse of inmates by defendant Herring, Constituted the tort of Negligence under the Law of Florida.

8. The action of defendant Ross in Knowingly and intentionally throwing plaintiff's Food tray on his cell floor, Constituted Cruel and Unusual Punishment in Violation of the Eighth Amendment of the United States Constitution. He is sued in his individual Capacity.

9. The actions of defendants Doe and Mathews in failing to provide the plaintiff adequate Medical Care to his serious Medical Needs, Constituted deliberate indifference in Violation of the Eighth Amendment of the United States Constitution. They are sued in their individual Capacity.

10. The actions of defendants Doe and Mathews in failing to provide the plaintiff adequate Medical Care to his serious Medical Needs, Constituted the tort of Negligence under the Law of Florida.

11. The failure of defendants Bryant and McNeil to take disciplinary or other action to curb the Known pattern of physical abuse of inmates by defendant

3 B

VI. STATEMENT OF CLAIM, Continued:

Herring or other Staffs, Constituted deliberate indifference in violation of the Eighth Amendment of the United States Constitution. They are Sued in their individual and Official Capacities.

12. The failure of defendants Bryant and McNeil to take disciplinary or other action to curb the Known pattern of physical abuse of inmates by defendant Herring or other Staffs, Constituted the tort of Negligence under the Law of Florida.

13. The failure of defendants Fish and Decker to take Corrective, disciplinary or other action to Curb the Known pattern of physical abuse of inmates by defendant Herring or other Staffs Constituted deliberate indifference in violation of the Eighth Amendment of the United States Constitution. They are Sued in their individual Capacity.

14. The failure of defendants Fish and Decker to take Corrective, disciplinary or other action to Curb the Known pattern of physical abuse of inmates by defendant Herring or other Staffs Constituted the tort of Negligence under the Law of Florida.

8 C

VI. STATEMENT OF CLAIM. Continued:

15. The action of defendant Herring in threatening and Sexual Harassing the plaintiff Constituted Cruel and Unusual Punishment in Violation of the Eighth Amendment to the United States Constitution.

16. The action of defendant Herring in threatening and Sexual Harassing the plaintiff Constituted the tart of assault and battery under the Law of Florida.

17. The action of defendant Herring in filing fabricated reports to Conceal his Eighth Amendment Violation against plaintiff, Violated plaintiff's due process rights under the Fourteenth Amendment to the United States Constitution.

18. All the defendants have acted and Continue to act, under Color of State Law at all times relevant to this Complaint.

STATEMENT OF FACTS:

1. On 12.13.07 plaintiff was being pulled out of his cell (m-wing cell 1227) by defendant co Herring and searched to go to the law library. When plaintiff existed his cell, he decided that he did not want to go to the unt rom in the law library due to plaintiff not seeing the Sergeant on the wing and plaintiff recalled when defendant co Herring made threats to plant contraband inside his cell. Plaintiff entered back into his cell and went to the back, at which time defendant co Herring verbally attempted to get plaintiff to go to the law library so defendant co Herring could search plaintiff's cell and plaintiff refused to exist his cell and go to the law library unt rom. When plaintiff refused the law library, seconds to minutes later defendant co Herring entered plaintiff's cell striking plaintiff with a blow to plaintiff's chest while plaintiff was in all physical restraining device, and stated to plaintiff " you don't run nothing around here". Plaintiff declared a medical emergency and staff abuse allegation on defendant co Herring and was denied. Plaintiff filed several emergency grievances on the incident and only one emergency grievance was approved and processed and no form of corrective, disciplinary or other action was ever taken against defendant co Herring. ( Between 9:00 - 10:00pm)

2. After the 12.13.07 incident, defendant co Herring physically assaulting plaintiff while plaintiff was in all necessary restraining device. Defendant co Herring learned of plaintiff filing his emergency grievance of the incident and started antagonistic behavior toward plaintiff that resulted in defendant co Herring sexually harrassing plaintiff, calculative cell searches destroying plaintiff's personal property (letters, pictures, religious material, etc.), throwing plaintiff's food on his cell floor, attempts to get other prisoners to assault plaintiff, verbal threats to harm plaintiff, verbal assaults cursing plaintiff (i.e., fuck boy, pussy boy, scarry cat, etc.), threats to falsify disciplinary reports. Plaintiff filed numerous grievances against defendant co Herring for his antagonistic behavior and some were not processed and the others were destroyed by defendant co Herring during cell searches.

3. On 3.25.08 defendants Sgt Ross and co Herring were serving dinner on m-wing second floor. When defendant co Herring approached plaintiff's cell (m-wing 1227) opening the flap, defendendant co Herring leaned on the rail advising plaintiff by the end of the night he would write

9

VII. STATEMENT OF FACTS, CONTINUED:

plaintiff a falsified and untrue disciplinary report in retaliation for plaintiff filing numerous grievances against defendant co Herring for his antagonistic behavior toward plaintiff, and thus, defendant co Herring made known to plaintiff that one of the institutional inspector encouraged him to retaliate against plaintiff, and to make sure that the disciplinary report(s) would be major disciplinary reports to have plaintiff's gain time be taken away and plaintiff put back on CMI status. Between 10:00-10:30pm nurse Singletary come on m-wing second floor to do her night medical rounds accompanied by defendant co Herring. As nurse Single was approaching plaintiff cell and bypassing it, plaintiff made several attempts to gain her attention stating, "Nurse Singletary, I have a medical pass for a foot soak, would you please give me my medicine", at which time defendant co Herring turned around between cells m-1229 and m-1228 stating, "Bowden let me see your hands, youre gunning (masterbating)" and at that time defendant co Herring went to the sergeant (unknown by name) and lied on plaintiff about plaintiff stroking his penis. The sergeant refused to get involved because he knew defendant co Herring's intentions against plaintiff. Defendant co Herring then went to ~~cpt Pearce~~ <sup>defendants</sup> cpt Pearce, Lt Wilkerson, and cpt McGregor and lied to them about the incident and they authorized the erroneous dr to be written. Around 11:00pm-12:00am, defendant co Herring approached plaintiff's cell several times making homosexual advancements to plaintiff that, if plaintiff would show defendant co Herring his penis and balls, and masterbate for defendant co Herring and let defendant co Herring see plaintiff ejaculate that defendant co Herring would contact either defendants cpt Pearce, cpt McGregor, or Lt Wilkerson and squash the erroneous dr defendant co Herring wrote on plaintiff. Plaintiff rejected defendant co Herring's homosexual proposal and filed several grievances against defendant co Herring and nothing was ever done about the incident.

4. On 3-26-08 between 5:20-5:29pm defendants co Haystie and co Herring were serving dinner on m-wing second floor. When defendant co Haystie approached plaintiff's cell (m-1227) opening his (plaintiff) flap, defendant co Haystie made plaintiff aware that an extra tray was on the food cart from him in return for a tray plaintiff received a day earlier that was missing food

9(A)

## VII. STATEMENT OF FACTS, CONTINUED:

ON it. The prisoner serving trays gave plaintiff his tray and went to give plaintiff the other tray promised by defendant co Haystie, at which time defendant co Herring intercepted. While plaintiff had his left arm out of the flap, he complained to defendant co Haystie about the tray when defendant co Herring stated, " this fuck boy aint getting nothing tonight", and as plaintiff was pulling his left forearm back into the flap defendant co Herring slammed the flap on plaintiff's forearm mashing the flap on it and cutting into plaintiff arm (1inch cut) and stated," if you want your arm next time keep it in the flap. Plaintiff declared staff abuse and medical emergency. Defendants co Hinley and co Herring approached plaintiff's cell, whereat (M-1227 cell) plaintiff addressed defendant co Hinley about the incident and showed defendant co Hinley his injury that was bleeding. At which time defendant co Herring made attempt to dissuade defendant co Hinley from contacting medical and let plaintiff call it the following day (medical emergency). Defendant co Herring started verbally assaulting plaintiff stating," you are a fuck boy, pussy boy and a check in scarry cat", and defendant co Hinley advised defendant co Herring that he did not have to worry about nothing because, if plaintiff come out of his cell defendant co Hinley would alter the way the restraining device are put on plaintiff and both defendants co Hinley and co Herring left from by plaintiff's cell. Minutes later defendant co Herring returned to plaintiff cell making verbal threat that, if plaintiff come out of his cell defendant co Herring would kick plaintiff's ass and left. Nurse Kennedy approached plaintiff's cell accompanied by defendant co Herring, at which time defendant co Herring made attempt to have Nurse Kennedy refuse plaintiff medical attention and document it as plaintiff's refusal for medical attention. Nurse Kennedy examined plaintiff's cut on his left forearm and advised plaintiff he did not need medical stitches and, plaintiff should put in a medical sick-call because it was not safe up in medical for plaintiff and there were no security cameras in the emergency room in medical and plaintiff still declared staff abuse and medical emergency. ( Between 5:30-5:55pm)

5. On 3-26-08 between 5:59 – 6:20pm defendants co Herring and co Haystie

9(b)

VII. STATEMENT OF FACTS, CONTINUED:

Stripped searched plaintiff AND as defendant Co Herring were placing the hand restraining devices (handcuff, black box) in front of plaintiff defendant Co Hinley ordered defendant Co Herring to place the hand restraining device in back of plaintiff AND once done, plaintiff exited his cell (M-122T), At which time defendant Co Herring placed plaintiff in waist restraining chain connected to the hand restraining device AND placed the leg shackles on plaintiff AND plaintiff walked on the M-wing quarterdeck AND stood at least 7 feet from the King door (exit/entrance door) positioned in front of the M-wing second floor AND quarterdeck security cameras. While plaintiff stood on the M-wing quarterdeck observing defendants Co Hinley, Co Hayslie AND Co Herring. Defendant Co Hinley ordered Co Hayslie to stand by the King door to be the watch out man AND encouraged Co Herring to get in plaintiff's face make a scene AND take action on plaintiff AND drop plaintiff on his face. Defendant walked up AND got in plaintiff's face stating, "fuck boy spit on me now. Fuck boy I will kill you" AND plaintiff laughed at defendant Co Herring, At which time defendant Co Herring became angered with plaintiff AND demanded defendant Co Hayslie give him (Herring) plaintiff's 229 sheet (monthly behavior sheet), so that defendant Co Herring could take plaintiff up to medical AND beat plaintiff's ass AND see if plaintiff laugh AND smile about that. Defendant Co Hayslie stated," you cannot take Bowden to medical because he alleged staff abuse on you", AND defendant Co Herring started backing up from plaintiff AND at this time while defendant Co Herring was backing up, he was spitting on himself (shirt sleeves at the shoulder) wiping it on both sleeves of his shirt then stated," you fuck boy", before assailing plaintiff with a blow to the side of his head (left), grabbed plaintiff Around his neck, scratched plaintiff above his left eye, slung plaintiff to the left (but defendant Co Herrings right side), stated," stop resisting", AND plaintiff never was resisting, stomped on plaintiff's left big toe busting it open AND finally slammed plaintiff to the ground on the M-wing quarterdeck AND getting on top of plaintiff with defendant Co Herring's knee in plaintiff back while plaintiff was vulnerable in all physical necessary

9(c)

VII. STATEMENT OF FACTS, CONTINUED:

restraining devices. While defendant co Herring was on top of plaintiff, he stated, "this fuck boy spit on me", all the while defendant co Herring was spitting on the floor to the right side of him and plaintiff on the ground, and thus, defendant co Herring made the statement " this fuck boy spit on me", to obscure the truth of the physical assault and conceal his wrong doings to plaintiff, although it was part of defendant co Herring's plot with defendants co Haystie and co Hinley, who were/are in cahoots with defendant co Herring with his wrong doings to plaintiff. After defendant co Herring battered plaintiff while defendants co Haystie watched and co Hinley pretended to be reading a magazine behind the desk, defendant co Herring walked around plaintiff and defendant co Herring on the ground and stated," he didn't spit on you", and contacted defendants cpt Pearce, cpt McGregor, and Lt Wilkerson. When cpt Pearce entered on m-wing quarterdeck, he ordered defendant co Herring to get off plaintiff and leave m-wing and stated," don't worry about nothing we will take care of it all". Defendant cpt Pearce walked over to the desk and consulted with defendants co Haystie and co Hinley who were very conniving about the incident and stated," I only heard Herring (staff) say he spit on me and when I (Haystie) turned around from looking out the window on the door they were on the ground and when I (Hinley) looked up from the magazine, same thing", and then defendant cpt Pearce knelt down by plaintiff, at which time made attempt to explain he was injured when defendant cpt state" you lucky you didn't make it to medical", and " when I tell you to get off this floor, hurt or in pain, you better get up like nothings wrong with you or we will drag you to medical", when or at that time defendants cpt McGregor and Lt Wilkerson walked on m-wing quarterdeck and defendant cpt Pearce ordered plaintiff to stand on the wall opposite of the m-wing stairs. As plaintiff was standing on the wall defendant Lt. Wilkerson stood by plaintiff and plaintiff explain his injuries (eye, left ear, left big toe, chin, tongue, side, right thumb, lower back and spine, right pinky, right shoulder and side) as a result of the physical assault and unnecessary use of

9(d)

VII. STATEMENT OF FACTS, CONTINUED:

deadly force, and plaintiff explained existing problems prior to the attack and that plaintiff requested protective management and should have been moved or defendant co Herring moved after he assaulted plaintiff on 12-13-07 and defendant co Herring should have never been pulling plaintiff out of his cell when plaintiff alleged staff abuse against defendant co Herring closing his left arm in his cell flap at dinner. Defendant Lt Wilkerson stated "our staff can use use of force when damn please and we gone justify it and we don't care about your problems with our staff and we don't protect you from our staff," and defendant Cpt McGregor intervened stating," our staff can pull who they want to pull out their cell and when they want and whatever happen-happen." Plaintiff was placed under a spitshield (mask covering plaintiff neck to his mouth and visible or see through hair net over plaintiff's eyes) and escorted to medical.

6. On 3-26-08 while plaintiff was in medical between 6:22 and 6:26pm, plaintiff made known his first injury to his left forearm being closed in his cell flap at dinner and then made known to nurse John Doe (white mail worked on 3-26-08) plaintiff injuries (scratch/cut above left eye, cut on chin, busted left big toe, right shoulder and side, left ear, bitten tongue, lower back and spine, right thumb and pinky) from the physical assault and unnecessary use of force upon him by defendant co Herring. Defendant cpt McGregor intervened stating " you don't tell medical that that's security job," and nurse John doe only examined plaintiff's injury to his left forearm and refused to examine plaintiff's other injuries to which several injuries plaintiff was bleeding (left eye, chin, big left toe, left ear) and defendant John Doe told plaintiff he could not remove the spit shield for security reasons and security would not allow defendant john doe to remove whether medical attention or not. Defendant John Doe refused to document plaintiff's injuries from the alleged physical assault and unnecessary use of deadly force and plaintiff was escorted back to m-wing and secured in his cell (m-1227) and after being secured in his cell, defendant cpt McGregor approached plaintiff's cell and stated " you did something you did something," in attempt to cover the wrong doing of defen-

9(e)

## VII. STATEMENT OF FACTS, CONTINUED:

dant Co Herring And Attempt to fault plaintiff for wrong doings. Plaintiff filed numerous grievances on the incident and wrote personal letters to defendants WARDEN Bryant And Secretary McNeil And NothiNG WAS ever done About it.

7. Upon information And belief: Defendants Co Hayslie and Co Hinley conspired with defendant Co Herring About how the Assault on plaintiff Would take when plaintiff came out of his cell And how defendant Co Herring would take Action And defendants Co Hinley And Co Hayslie would be conniving About the incident to cover for defendant Co Herring. Thus, defendants Cpt Pearce, Cpt McGregor And Lt Wilkerson conspired with defendant Co Herring to write A false and untrue disciplinary report on plaintiff And allege that plaintiff Assaulted defendant Co Herring And conspired with defendants Co Hayslie And Co Hinley how they should write their report to help cover for defendant Co Herring And that no report shall document Any injuries to plaintiff. Further, Defendant Cpt Pearce conspired with medical defendant John Doe Not to document Any of plaintiff's injuries from the unnecessary use of force before plaintiff ever went to medical, And defendant Cpt McGregor conspired with Nurse John Doe After plaintiff Alleged All his injuries Not to document Any injuries Alleged by plaintiff regarding the unnecessary use of force to cover the wrong doing of defendant And Any Action plaintiff may take Against them.

8. Defendants warden Bryant And secretary McNeil Knowingly used customs, policies And practices which Authorize And encourage Correction's officers/defendant Co Herring to physically Assault prisoners/ plaintiff And use unnecessary use of force while prisoners/plaintiff Are in All Necessary physical restraining device behind plaintiff's back And plaintiff WAS No threat nor Attacking defendant Co Herring, And the defendants (warden Bryant/Secretary McNeil) refused And failed to Adequately train And supervise subordinate defendant Co Herring with the use of force And refused to discipline defendant Co Herring for physically Assaulting plaintiff And using unnecessary use of force when defendant Co Herring could have

21(f)

VII. STATEMENT OF FACTS, CONTINUED:

Actually murdered plaintiff while being extremely vulnerable in physical restraining device behind his back and plaintiff is suffering pain from his injuries from 3.26.08 to the date in question.

9. Upon information and belief: Defendant CO Herring bragged to corrections officers that he works with how he yolked plaintiff around and how is prepared to get a hold of plaintiff again and make a little more bloody mess. Florida State Prison is frequently known for corrections officers brutality and murders of corrections officers always get away with the brutality and murders and nothing ever done about it.

10. On 3.27.08 defendant Sgt Ross delivered plaintiff the falsified and erroneous disciplinary report written by defendant CO Herring on 3.25.08 charging plaintiff with F.A.C. violation code 1-6 Lewd or Lacivious exhibition and defendant CO Herring erroneously stated, "I observed prisoner Bowden stroking his penis and ordered him to step away from the cell window to which prisoner Bowden stated, "fuck you Herring that's my whore (ho in slang version of Herring's written statement). I ordered prisoner Bowden to step away from again to which he complied still stroking his erect penis". Defendant Ross denied plaintiff to call the second floor video and audio system as exculpatory witness to varify two factors (1) defendant CO Herring was not at plaintiff as to the erroneous statements written and (2) that plaintiff never made no such statement. The dr was delivered between 5:00 - 5:10pm. While defendant Sgt Ross was serving dinner on the second floor between 5:15 - 5:25pm, defendant Sgt Ross approached plaintiff's cell and ordered plaintiff to go to the back of his cell, hands on top of his head, turn and face the wall, and get down on his knees to which plaintiff complied and defendant Sgt Ross intentionally dumped plaintiff's food on his cell floor (M-1227) and throwed the tray on top of it and stated to plaintiff, "that's for my officer (meaning Herring), he say you assaulted him last night, so I did this in return so he will feel good." When defendant CO Herring picked up the trays after dinner was fed, he stopped by plaintiff's cell, laughed at plaintiff and stated, "how you like eating like a dog. This is won't ever be over." Plaintiff filed numerous grievance on the incident and never received a response and no action was ever taken against either defendants for their acts against plaintiff.

11. Upon information and belief: Defendant co Herring has been investigated for sexual harrassing other prisoners and him and defendant sqt Ross are in cahoots with inappropriate conduct against prisoners. Thus, the fabricated written sexual disciplinary report on 3·25·08 by defendant co Herring was a cover up to write plaintiff a homosexual fantasy of plaintiff stroking his penis.

12. On 3·31·08 sgt Andrews delivered plaintiff the other erroneous disciplinary report written on 3·26·08 falsly charging plaintiff with F.A.C. violation code 1-15 assault or battery. Defendant co Herring erroneously stated in the dr statement of facts that, "prisoner Bowden alleged staff abuse to him about his arm being closed in the cell flap. Prisoner Bowden was stripped searched and put in restraints. Prison Bowden became belligerent stating "you aint nothing but a bitch", and turned and spit on the left side of my face and acted as if he were going to spit again and that's when I used force to defend myself and the O.I.C. authorized this report!"

13. On 4·2·08 plaintiff proceeded to the dr hearing on the charge of 1-6 lewid or lacivious exhibition. Plaintiff made a verbal request that the hearing officer's ~~defendants~~ Daniel and Lt Riezel review or present the video and audio system on m-wing second floor on 3·25·08 to learn that defendant co Herring falsified the written dr, because at 10:20pm defendant co Herring was not in front of plaintiff's cell (m-1227) and that plaintiff never made no such statement, and, that would prove that defendant co Herring never observed plaintiff stroking his penis and fabricated the dr against plaintiff in retaliation against plaintiff for plaintiff filing sexual harrassment grievances against defendant co Herring. Hearing officer Daniel and Lt Riezel refused and denied plaintiff's verbal request that they review or present the video and audio system on 3·25·08 and refused to give adequate reason for denying plaintiff's request for such exculpatory material to be reviewed or presented at the dr hearing as evidence and vital defense to challenge the erroneous dr. Also, the hearing officer Daniel's and Lt Riezel refused to state what specific evidence from the investigation or witness statements or other material that supported defendant co Herring erroneous allegation against plaintiff and found plaintiff guilty based on defendant co Herring's erroneous statement of facts and refused to give adequate reason for the disciplinary action of 60 days disciplinary confinement and plaintiff unable

9(h)

VII. STATEMENT OF FACTS, CONTINUED:

to earn gain time for over four months. After plaintiff received his disciplinary confinement sentence, he was moved off of M-wing between 10:00-11:30 Am to d-wing and housed and confined in cell d-1326. Later that Night between 9:04 - 9:12-15 pm defendant co Herring came on d-wing and approached plaintiff's cell, at which time defendant co Herring was leaning on plaintiff cell window and made threat to plaintiff stating, "I came to see that you were living like a pig and Next time I put my hands on you its going to be bloody." And defendant co Herring made known to plaintiff that no matter how many grievances plaintiff file, in the end nothing will happen to him. Plaintiff filed several grievances with approval and No action taken against defendant co Herring.

14. Upon information and belief: Defendants cpt Pearce, Lt Wilkerson, and Cpt McGregor encouraged defendant co Herring to come to d-wing and make threat to plaintiff.

15. Prior to plaintiff being physically assaulted and unnecessary use of force used upon him by defendant co Herring, plaintiff made numerous request to defendants Warden Bryant, Secretary McNeil, Cpt Pearce, Cpt McGregor, and Lt Wilkerson. Plaintiff was denied his request to be protected from defendant co Herring and such denial was deemed when the defendants did not responde to plaintiff request After plaintiff was assaulted by defendant co Herring on 12·13·07 and defendant co Herring continued to threaten plaintiff's life and cause physical harm to plaintiff. Also, the defendants left plaintiff to fend for himself and defendant co Herring could have murdered plaintiff.

16. On 4·8·08 plaintiff proceeded to the disciplinary hearing on the written report on 3·26·08 charging plaintiff with 1-15 F.A.C. Violation code battery or assault. Plaintiff made verbal request for the hearing officer Scoggins and Lt Riezel to review or present the video and audio security system on M-wing second floor and quarterdeck to learn that plaintiff never turned and spit on defendant co Herring and that plaintiff never made such statement erroneous alleged by defendant co Herring in the dr on 3·26·08, and thus, the video recording showed that defendant co Herring physically assaulted plaintiff While in all physical restraining devices (handcuffs, black box, waist and leg chains). Hearing officer Scoggins and Lt Riezel refu-

9(i)

VII. STATEMENT OF FACTS, CONTINUED:

Sed to review or present the exculpatory video and audio system at the hearing for plaintiff to challenge the erroneous allegations made by defendant co Herring in the false dr and refused to give adequate reason for denying plaintiff's verbal request for the exculpatory video/audio system on m-wing second floor and quarterdeck to be reviewed or presented at the hearing. Also, hearing officer Scoggins and Lt Riezel refused to state specific facts from the investigation reports or witness statements that supported the erroneous, fabricated, and untrue allegation written by defendant co Herring, thus refused to give adequate reason for the disciplinary action of 60 days on disciplinary confinement.

17. On 4-14-08 plaintiff went on a medical call out and while plaintiff was in medical consulting with the institutional medical doctor (unknown by name, but hispanic, funny speech). Plaintiff showed the doctor the deep bite into his tongue, complained about injuries to his lower back and spine, right shoulder and side, right thumb and pinky, cut on his chin and over his left eye, and hearing problems out of his left ear. The doctor made known to plaintiff that he was aware that those injuries were not documented on 3-26-08 to cover up the assault and unnecessary use of force and that he must comply with orders given not to care to those injuries, but the doctor would only take X-rays of plaintiff's right thumb due to the swelling and purple color. The doctor told plaintiff that if his pinky was broken it (the bone) would grow back in 30 days and that plaintiff's other injuries would eventually heal on their own. Plaintiff was seen by another institutional doctor on a later date (unknown) and the doctor never showed plaintiff the X-rays of his right thumb and advised they were negative and plaintiff would have no repairs to his thumb or pinky due to the knot in his thumb or the lump on it and plaintiff's pinky bent and there was nothing that would be done for plaintiff's other injuries and plaintiff would have to wait to go home to get those repairs.

18. On 4-24-08 and 5-16-09 plaintiff learned through a prison advocate Dan Miller that he was being investigated for assaulting defendant co Herring and defendants inspector Decker, inspector Fish, Warden Bryant, and secretary McNeil, Cpt Pearce, Cpt McGregor, Deputy Murphee, and Lt Wilkerson were in cahoots to have plaintiff charged with a battery on defendant co Herring. However, despite the failure of their attempt to do so, have plaintiff charged with a battery

9(J)

## VII. STATEMENT OF FACTS, CONTINUED:

on defendant Co Herring. The defendants Never took Action Against defendant Co Herring for physically Assaulting plaintiff And using unnecessary use of force upon plaintiff And defendant Co Herring could have murdered or killed with the Action taken upon him by defendant Co Herring on 3.26.08. Also, on 3.24.08 defendant Inspector Fish made Attempt to dissuade plaintiff Not to participate in the investigation And that plaintiff write A cursory And unelaborated affidavit regarding the incident on 3.26.08, So that defendant Inspector Fish would be able to curtail his investigation to Cover up the wrong doing of defendant Co Herring physically Assaulting And using unnecessary use of force upon plaintiff. Defendant Inspector Fish made Known to plaintiff that he would Not investigate past incidents that defendant Co Herring Acted out on plaintiff About And defendant Inspector Fish would See what he could do About the incident on 3.26.08, Although he was limited to what he could do due to being in cahoots with his Co-worker to obscure the wrong doings of defendant Co Herring. Plaintiff filed A grievance based on defendant Inspector Fish's Action of inadequate investigation And nothing was ever done About it.

19. On 5.15.08 defendant Co Herring came to plaintiff's Cell (d-1326) And made threat to plaintiff Stating "We're going to get you", meaning that defendant Co Herring And his Co-Workers would eventually physically Assault plaintiff Again in retaliation of plaintiff filing grievances And defendant Co Herring being under investigation.

20. On 6.6.08 defendant Inspector Fish came to plaintiff's Cell (d-1326) Around 10:00-11:00 Am. Plaintiff Asked About the investigation On the physical Assault And unnecessary And excessive force upon him by defendant Co Herring And defendant Inspector Fish's Attempt with his Co-workers to have plaintiff Charged with A battery on defendant Co Herring. In response, defendant Inspector Fish Stated to plaintiff," I am putting together what I can on the investigation on the incident on 3.26.08 And its the officers word Against Any prison but since you were on dc time And we had No evidence we through it out," And plaintiff Asked About what happened to him being put on protective management from defendant Co Herring And what would be done About defendant Co Herring making false Allegations on him.

VII. STATEMENT OF FACTS, CONTINUED:

Again, in response, defendant Inspector Fish stated to plaintiff," We dont protect inmates from officers but other prisoners. It's not fair and I know its not fair but we side with our officers on what they say."

21. Upon information and belief: Defendant Inspector Fish is known for conducting inadequate investigations and alter the security cameras recordings by cutting out parts of the video recording to cover up for his co-workers who commit physical assaults on prisoners and the video recording will skip time and demonstrate the parts cut from it to cover wrong doings or the actual act of the wrong doing(s) by corrections officer(s). Also, defendants Inspector Decker and Deputy Murphee are in cahoots as well to alter video recordings and cover up the wrong doings of their co-workers (corrections officers) and take no disciplinary action against them.

22. On at least 5 occassions plaintiff was on the medical call-out and the security staff on d-wing refused plaintiff to go to medical and documented as plaintiff's refusal and on other occassions (7.11.08, 6.9.08 and other unknown dates) that plaintiff was not denied to go his medical call-out. Plaintiff complained to defendant physician assistance Mathews about excruciating pains in his lower back and spine, right thumb and pinky, hearing problems in his left ear, and right shoulder and side. In response, defendant P.A. Mathews stated to plaintiff " well, it seems to bad to hear that", and never provides plaintiff adequate medical care. Plaintiff advised defendant P.A. Mathews that on several occassions plaintiff has not been able to get up and move around due the pain in his lower back and spine and that this actions have occurred several times since 3.26.08 and requested x-rays of his back and lower spine. Defendant P.A. Mathews denied plaintiff to have x-rays of his lower back and spine and stated to plaintiff," Its bad that you're going through these things but I don't see no need for surgery, so no x-rays and in the near. future we might", and defendant P.A. Mathews put a metal item on plaintiff head, left ear, and right ear and told plaintiff he could hear out of both ears when plaintiff is having hearing problems out of his left ear and suffering constant pains in his right shoulder and side, lower back and spine, right thumb and pinky, and hearing problems out of his left ear. Plaintiff filed over 4 grievances on the incident and nothing was ever done about it. Plaintiff is constantly suffering pains in his right

9(1)

VII. STATEMENT OF FACTS, CONTINUED:

thumb and pinky, right shoulder and side, hearing problems out of his left ear, lower back and spine, and thus, plaintiff has a scar above his left eye, chin, and left arm from the physical assaults on 3.26.08 and those are physical injuries plaintiff constantly is suffering pain to the date in question.

23. On 7.17.08 plaintiff went to medical for sick-call and upon review of his medical record with Nurse Verdon, plaintiff discovered that each visit that he had with defendant P.A. Mathews, he (Mathews) had refused to adequately document pains plaintiff is suffering and what is actually wrong with plaintiff when plaintiff is constantly suffering pains in his right shoulder and side, right thumb (which has a knot/lump on it very visible) and pinky, and hearing problems in his left ear. Defendant P.A. Mathew has refused to provide plaintiff any medicine for the pains or to have X-rays taken of his spine and has told plaintiff, "I'm sorry to hear that your suffering you're kind of in a bad position and we'll see what we can do for you in the future," and defendant P.A. Mathews documents what he wants to document on plaintiff's medical records deliberately and intentionally denying plaintiff needed medical and plaintiff has suffered to a point where he has been unable to move or get up and walk inside his cell due to the pains in his lower back and spine being so severe and the same with the pains in his (plaintiff) right thumb and pinky, and right shoulder and side, and plaintiff is suffering hearing out of his left ear and these conditions could worsen and be more critical than they are now and defendant P.A. Mathew has deliberately denied plaintiff needed medical care. Plaintiff filed numerous of grievance and appeals to defendants Warden Bryant and Secretary McNeil with no action taken against defendant P.A. Mathews.

24. Upon information and belief: Defendant P.A. Mathews is known for providing prisoners inadequate medical care and writing what he wants on prisoner medical record to deny prisoners medical care that is needed and adequate until the injuries or medical condition worsen and then take action to give medical care. Plaintiff learned this through the medical nurses and corrections officers and FDOC has done nothing to take action or remove or replace defendant P.A. Mathews because its known that defendant P.A. Mathews saves F.S.P. money.

9(m)

VII. STATEMENT OF FACTS, CONTINUED:

25. Pursuant to prison procedures, plaintiff has filed Numerous grievances for Administrative remedy or Appeal with defendants Warden Bryant And Secretary McNeil, pointing out that plaintiff has been physically Assaulted, UNNECESSARY use of force upon him, retaliated Against, Sexually harrassed, Verbally Assaulted And threatened of harm to be done to him, And denied Adequate medical care And said defendant refused to process many of plaintiff's grievances And Approved some of the grievances And denied some of the grievances processed And No form of corrective, disciplinary or other Actions was ever taken On said defendants.

VIII.   <u>RELIEF REQUESTED</u>:   State briefly what you want the Court to do for you.  Again, do not make any legal arguments or cite any cases or statutes.

WHEREFORE, plaintiff requests that the Court grant the following relief:

A.   Issue a declaratory judgment stating that:

1. The physical abuse of the plaintiff by defendant Herring violated the plaintiff's rights under the Eighth Amendment to the United

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this _____ day of _____, 2 _____.

_____

_____

_____

_____

(Signatures of all Plaintiffs)

DC 225 (Rev. 9/03)

VIII. RELIEF REQUESTED. Continued:

States Constitution and Constituted an assault and battery under State Law.

2. Defendant Herring's action in retaliating against the plaintiff for filing Administrative Grievances against him Violated the plaintiff's rights under the First Amendment to the United States Constitution.

3. Defendant Herring's action in threatening and Sexual harassing the plaintiff Violated plaintiff's rights under the Eighth Amendment to the United States Constitution.

4. Defendant Herring's action in filing fabricated reports to conceal his Eighth Amendment Violation, Violated the plaintiff's rights under the Fourteenth Amendment to the United States Constitution.

5. Defendants Pearce, Mc Gregor, Wilkerson, Bryant, Mc Neil, Fish and Decker's failure to Curb the physical abuse of prisoners, including plaintiff, Violated plaintiff's rights under the Eighth Amendment to the United States Constitution and Constituted negligence under State Law.

6. Defendant Bass' action in throwing plaintiff's Food Tray on his cell floor, Violated plaintiff's rights under the Eighth Amendment to the United States Constitution.

7. Defendants Doe and Mathews' failure to provide adequate medical care for the plaintiff Violated, and Continue to Violate, the plaintiff's rights under the Eighth Amendment to the United States Constitution and Constituted negligence under State Law.

(10 A)

VIII. RELIEF REQUESTED. Continued:

&. Defendants Hinley and Hayslie's failure to intervene to prevent the plaintiff's beating violated plaintiff's rights under the Eighth Amendment to the United States Constitution and constituted negligence under State law.

B. Issue an injunction ordering defendants Bryant and McNeil or their agents to:

1. Restrain defendant Herring and the other Correctional staff's from and further assaults, excessive force, harassment, retaliation, etc., upon the plaintiff;

2. Place plaintiff on protected Custody status until the outcome of this suit;

3. Immediate arrange for the plaintiff to be examined by a qualified physician and provided the appropriate medical treatment for his injuries;

4. Carry out without delay the treatment by such medical practitioner.

C. Award Compensatory damages in the following amounts:

1. 100,000 against defendant Herring for the physical and emotional injuries sustained as a result of the plaintiff's beating, retaliation, threatening, sexual harassment and filing fabricated reports against the plaintiff.

2. $350,000 jointly and severally against defendants Pearce, McGregor, Wilkerson, Bryant, McNeil, Fish and Decker for the physical and emotional injuries resulting

(10 B)

VIII. RELIEF REQUESTED: Continued:

from their failure to curb the physical abuse of prisoners, including plaintiff.

3. $100,000 jointly and severally against defendants Hinley and Hayslie for the physical and emotional injuries sustained as a result of their failure to intervene to prevent the plaintiff's beating.

4. $50,000 against defendant Ross for the physical and emotional injuries for intentionally throwing plaintiff's Food Tray on the floor.

5. $100,000 jointly and severally against defendants Doe and Mathews for the physical and emotional injury resulting from their failure to provide adequate medical care to the plaintiff.

D. Award punitive damages in the following amounts:

1. 20,000 each against defendants Herring, Hinley, Hayslie, Pearce, McGregor, Wilkerson, Bryant, McNeil, Fish and Decker.

2. $10,000 against defendant Ross.

3. $20,000 each against defendants Doe and Mathews.

E. Grant such other relief as it may appear that plaintiff is entitled.

Respectfully Submitted,

Date: 8-7-08

DC# E09950   Loc. D-1326
Florida State Prison
7819 NW 228 th Street
Raiford, Florida 32026
Pro Se.

(10 c)

# ATTACHED

# EXHIBITS

# NOT SCANNED