**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DAVEN BOWDEN,

    Plaintiff,

v.                                                                    Case No. 3:08-cv-798-J-32HTS

T. HERRING, et al.,

    Defendants.

_____

**ORDER**[1]

**I. Status**

Plaintiff, an inmate of the Florida penal system who is proceeding pro se, initiated this case by filing a Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint) pursuant to 42 U.S.C. § 1983. He names the following Defendants in the action: (1) Timothy Herring, a correctional officer at Florida State Prison (hereinafter FSP); (2) Correctional Officer M.

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the matters addressed herein and is not intended for official publication or to serve as precedent.

1

Hinely[2]; (3) Correctional Officer Hastie[3]; (4) Captain Oscar Pearce; (5) Captain Rudolph McGregor; (6) Lieutenant Wilkerson; (7) Sergeant J. L. Ross[4]; (8) John Doe, a licensed practical nurse at FSP; (9) William Mathews, a physician's assistant at FSP; (10) Stacy Fish; (11) Randall Bryant, the Warden of FSP; (12) Walter McNeil, the Secretary of the Florida Department of Corrections (hereinafter DOC); and (13) Paul Decker, the Inspector General for the DOC.

Plaintiff raises the following claims: (1) Defendant Herring violated Plaintiff's rights under the Eighth Amendment by using malicious and sadistic force upon Plaintiff without provocation; (2) Defendant Herring's actions also constitute the tort of assault and battery under Florida law; (3) Defendant Herring retaliated against Plaintiff after Plaintiff filed grievances about Defendant Herring's misconduct; (4) Defendants Hinely and Hastie violated Plaintiff's rights under the Eighth Amendment by failing to prevent the abuse by Defendant Herring; (5) Defendants Hinely and Hastie were negligent under Florida law by failing to prevent the abuse by Defendant Herring; (6) Defendants Pearce, McGregor and Wilkerson were deliberately indifferent to Plaintiff's safety in violation of the Eighth Amendment by failing to take action to curb the known pattern of physical abuse of inmates by Defendant Herring; (7) the failure of Defendants Pearce, McGregor and Wilkerson to take action to curb

---

[2] Plaintiff misspells this Defendant's name in his Complaint (Hinley instead of Hinely). The Court will hereinafter use the correct spelling.

[3] Plaintiff misspells this Defendant's name in his Complaint (Haystie instead of Hastie). The Court will hereinafter use the correct spelling.

[4] This Defendant was dismissed from this action on May 19, 2009, pursuant to Plaintiff's request. See the Court's Order (Doc. #51).

the pattern of physical abuse of inmates by Defendant Herring constitutes negligence under Florida law; (8) Defendant Ross violated Plaintiff's rights under the Eighth Amendment by throwing Plaintiff's food tray on the cell floor; (9) Defendants Doe and Mathews were deliberately indifferent to Plaintiff's serious medical needs; (10) Defendants Doe and Mathews were negligent under Florida law for failing to provide adequate medical care; (11) Defendants Bryant and McNeil were deliberately indifferent to Plaintiff's safety in violation of the Eighth Amendment by failing to take action to curb the known pattern of physical abuse of inmates by Defendant Herring and other staff members; (12) the failure of Defendants Bryant and McNeil to take action to curb the pattern of physical abuse of inmates by Defendant Herring and other staff members constitutes negligence under Florida law; (13) Defendants Fish and Decker were deliberately indifferent to Plaintiff's safety in violation of the Eighth Amendment by failing to take action to curb the known pattern of physical abuse of inmates by Defendant Herring and other staff members; (14) the failure of Defendants Fish and Decker to take action to curb the pattern of physical abuse of inmates by Defendant Herring and other staff members constitutes negligence under Florida law; (15) Defendant Herring threatened and sexually harassed Plaintiff in violation of the Eighth Amendment; (16) Defendant Herring's threats and sexual harassment constitute the tort of assault and battery under Florida law; and (17) Defendant Herring violated Plaintiff's right to due process of law by fabricating disciplinary reports to conceal his abuse of Plaintiff.

This cause is before the Court on Defendants' Motion for Summary Judgment (Doc. #66). The Court advised Plaintiff of the provisions of Fed. R. Civ. P. 56, and gave him an opportunity to respond. See the Court's Order (Doc. #11) at 3-5; the Court's Order (Doc.

#68). Plaintiff has responded. See Plaintiff's Response and Plaintiff's Motion to Dismiss the Defendants' Motion for Summary Judgment and Demand for a Jury Trial in the Case at Bar (Doc. #71).

## II. Summary Judgment Standard

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Crawford v. Carroll, 529 F.3d 961, 964 (11th. Cir. 2008) (citing Fed. R. Civ. P. 56(c) and Wilson v. B/E/Aerospace, Inc., 376 F.3d 1079, 1085 (11th Cir. 2004)).

"The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." Allen v. Bd. of Pub. Educ. for Bibb County, 495 F.3d 1306, 1313 (11th Cir. 2007) (citations omitted).

> "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (citing Celotex, 477 U.S. at 324, 106 S.Ct. 2548).

Id. at 1314; see also Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) ("Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves").

4

### III. Defendants' Motion for Summary Judgment[5]

### A. Cruel and Unusual Punishment

Plaintiff alleges the following pertinent facts. On December 13, 2007, Defendant Herring took Plaintiff from his cell so that he could be searched before going to the prison law library. Complaint at 9. At this point, Plaintiff decided that he no longer desired to go to the library because he recalled that Defendant Herring had previously threatened "to plant contraband inside his cell." Id. Therefore, Plaintiff reentered his cell. Defendant Herring attempted to coax Plaintiff into going to the law library so that the cell could be searched. Id. After Plaintiff refused to go to the law library, Defendant Herring entered Plaintiff's cell "striking plaintiff with a blow to plaintiff's chest while plaintiff was in all physical restraining device[s]." Id.

On March 26, 2008, Plaintiff placed his left arm through the food flap in his cell door to receive his food tray, at which time Defendant Herring slammed the flap on Plaintiff's forearm, resulting in a one-inch cut to his arm. Id. at 9(a)-9(b). Later that day, while Plaintiff was in full restraints, Defendant Herring punched the left side of Plaintiff's head, grabbed Plaintiff around the neck, scratched him above his left eye, "slung plaintiff to the left side," stomped on Plaintiff's left toe and then slammed Plaintiff to the ground. Id. at 9(c). Defendant Herring told Plaintiff to stop resisting, even though Plaintiff had not been resisting.

---

[5] Defendants assert that all of Plaintiff's allegations are false in the "Statement of Facts" portion of their Motion for Summary Judgment; however, in the "Statement of the Law" section of the motion, Defendants do not specifically address Claims Two, Three, Four, Five, Six, Seven, Eight, Nine, Ten, Twelve, Fourteen, Sixteen and Seventeen. They also fail to discuss the claim against Defendant Fish in Claim Thirteen. Thus, this Court will not address these claims either.

Id. Defendant Herring falsely claimed that Plaintiff spit on him in an effort to cover up the assault. Id. at 9(d).

Defendant Herring's version of these events is as follows:

> I am aware that in the complaint filed by inmate Daven Bowden against me and other Department of Corrections' employees, he claims that I physically and verbally abused him beginning on December 13, 2007, in addition to sexually harassing him.
>
> I categorically state that all of his allegations against me are a complete lie and fabrication, and that he (inmate Bowden) actually committed battery on me, by "spitting" on my face on March 26, 2008.
>
> . . . .
>
> I further attest that on March 26, 2008, while conducting evening feeding procedures, Bowden claimed that I closed his arm in the food flap. Accordingly, Bowden was removed from his cell and escorted to the medical department for a checkup per procedures. He then became verbally aggressive and belligerent to me, and spat upon me, striking me on the left side of my face. Fearing that Bowden was about to spit on me again, I then grasped Bowden and placed him on the ground.
>
> I further attest that I utilized only the minimal amount of force necessary to subdue Bowden and prevent him from further assaulting me, and that once he complied with my order and was subdued, all use of force by me ceased.
>
> I further deny using force upon Bowden on any other occasion or that I ever abused him or used an excessive amount of force upon him.

Ex.[6] H at 1-2 (paragraph enumeration omitted).

---

[6] The Court hereinafter refers to the exhibits appended to Defendants' Motion for Summary Judgment as "Ex."

Defendants contend that Plaintiff has failed to state an Eighth Amendment violation because Defendant Herring applied only the force that was necessary to restrain Plaintiff after he spit on Defendant Herring on March 26, 2008. Motion for Summary Judgment at 9-12. The Plaintiff and the Defendants have submitted numerous affidavits and documentation which contradict each other's assertions. In reviewing a motion for summary judgment, "[i]f there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor." Allen v. Board of Public Educ. for Bibb County, 495 F.3d at 1314 (citing Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003)). If Plaintiff's evidence is to be believed, there was no need to apply any force and he was attacked "maliciously and sadistically for the very purpose of causing harm." Cockrell v. Sparks, 510 F.3d 1307, 1311 (11th Cir. 2007) (per curiam) (quoting Whitley v. Albers, 475 U.S. 312, 320-21 (1986)). Thus, Defendants' Motion for Summary Judgment will be denied with respect to Plaintiff's allegations against Defendant Herring in Claim One because there are genuine issues of material fact that prevent the entry of summary judgment.

### B. Verbal Abuse

Defendants contend that Plaintiff's allegations of verbal abuse or harassment by Defendant Herring, or others, do not state a claim for relief under § 1983. Motion for Summary Judgment at 12 n.2. Plaintiff alleges the following specific instances of verbal abuse and threats. At some time before December 13, 2007, Defendant Herring threatened to "plant" contraband inside of Plaintiff's cell. Complaint at 9. Sometime after December 13,

2007, Defendant Herring threatened to harm Plaintiff and called him names "(i.e. fuck boy, pussy boy, scarry [sic] cat, etc.)." Id.

On March 26, 2008, Defendant Herring said in Plaintiff's presence, "this fuck boy aint [sic] getting nothing tonight." Id. at 9(b). Shortly later, he slammed the food flap on Plaintiff's arm and then said, "if you want your arm next time keep it in the flap." Id. He then told Plaintiff, "you are a fuck boy, pussy boy and a check in scarry [sic] cat." Id. A few minutes later, Defendant Herring told Plaintiff that, if he came out of his cell, "CO Herring would kick plaintiff's ass." Id.

Later that evening, Defendant Herring said to Plaintiff, "fuck boy spit on me now. Fuck boy I will kill you." Id. at 9(c). Shortly later, Defendant Herring said he wanted to take Plaintiff "up to medical and beat plaintiff's ass." Id. Then, Defendant Herring called Plaintiff a "fuck boy" before attacking him. Id.

On March 27, 2008, Plaintiff's food tray was dumped on the floor of his cell, and when Defendant Herring came by to pick up food trays, he said to Plaintiff, "how [do] you like eating like a dog[?] This is won't [sic] ever be over." Id. at 9(g). On April 2, 2008, Defendant Herring said to Plaintiff, "I came to see that you were living like a pig and next time I put my hands on you it[']s going to be bloody." Id. at 9(i). Finally, on May 15, 2008, Defendant Herring said to Plaintiff, "we're going to get you." Id. at 9(k).

As a general rule, allegations of mere threatening language and gestures in the prison setting do not state a claim of federal constitutional dimension. See Hernandez v. Fla. Dep't of Corr., 281 Fed. Appx. 862, 866 (11th Cir. 2008) (per curiam) (not selected for publication

in the Federal Reporter) (citing Edwards v. Gilbert, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989)) ("Hernandez's allegations of verbal abuse and threats by the prison officers did not state a claim because the defendants never carried out these threats[,] and verbal abuse alone is insufficient to state a constitutional claim."), cert. denied, 129 S.Ct. 1402 (2009).

> "[M]ere threatening language and gestures of a custodial office do not, even if true, amount to constitutional violations." Coyle v. Hughes, 436 F.Supp. 591, 593 (W.D. Okl[a]. 1977). "Were a prisoner . . . entitled to a jury trial each time that he was threatened with violence by a prison guard, even though no injury resulted, the federal courts would be more burdened than ever with trials of prisoner suits . . . ." Bolden v. Mandel, 385 F.Supp. 761, 764 (D. Md. 1974). See Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2d Cir. 1973) (the use of words, no matter how violent, does not comprise a section 1983 violation).

McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983).

Defendant Herring's threats to harm Plaintiff, made after December 13, 2007, but prior to the alleged attack on March 26, 2008, are part of Claim One because Plaintiff alleges that Defendant Herring carried out those threats. The remainder of Plaintiff's allegations of verbal abuse do not state a claim of federal constitutional dimension. Thus, Defendants' Motion for Summary Judgment will be granted with respect to those remaining allegations of verbal abuse[7] in Claim Fifteen.

---

[7] Defendants did not address the allegations of sexual harassment in Claim Fifteen. Additionally, Plaintiff's claims regarding Defendant Herring's threats to bring falsified disciplinary reports are more properly viewed as part of his retaliation claim (Claim Three) rather than his Eighth Amendment claim in Claim Fifteen.

9

### C.  42 U.S.C. § 1997e(e)

Defendants contend that Plaintiff has not suffered an injury sufficient to withstand 42 U.S.C. § 1997e(e) (providing that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."). Motion for Summary Judgment at 12-14. "In order to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than *de minimis*." Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312-13 (11th Cir. 2002) (citation omitted).  This Court concludes that further factual development is needed to determine whether Plaintiff's injuries were *de minimis*.[8]  Even if he sustained only *de minimis* injuries, construing Plaintiff's Complaint liberally, Plaintiff would still be entitled to nominal damages if he prevailed at trial.  Thus, 42 U.S.C. § 1997e(e) does not provide a basis for dismissing this case at this time.

### D. Respondeat Superior

Defendants contend that Plaintiff is attempting to hold Defendants McNeil, Bryant and Decker liable under a theory of respondeat superior.  Motion for Summary Judgment at 14-15.

> "Supervisory officials are not liable under section 1983 on the basis of respondeat superior or vicarious liability." Belcher v. City of Foley, Ala., 30 F.3d 1390, 1396 (11th Cir. 1994) (internal quotation marks and citation omitted).  "The standard by which a supervisor is held liable in her individual capacity for

---

[8] Plaintiff claims that Defendant John Doe refused to document Plaintiff's numerous injuries that resulted from the alleged attack on March 26, 2008.  See Complaint at 9(e).

> the actions of a subordinate is extremely rigorous." <u>Gonzalez</u>, 325 F.3d at 1234 (internal quotation marks and citation omitted). "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." <u>Brown v. Crawford</u>, 906 F.2d 667, 671 (11th Cir. 1990).
>
> "The necessary causal connection can be established 'when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so.'" <u>Cottone</u>, 326 F.3d at 1360 (citation omitted). "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." <u>Brown</u>, 906 F.2d at 671. A plaintiff can also establish the necessary causal connection by showing "facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so," <u>Gonzalez</u>, 325 F.3d at 1235, or that a supervisor's "custom or policy . . . resulted in deliberate indifference to constitutional rights," <u>Rivas v. Freeman</u>, 940 F.2d 1491, 1495 (11th Cir. 1991).

<u>Danley v. Allen</u>, 540 F.3d 1298, 1314 (11th Cir. 2008).

In this case, Plaintiff makes a conclusory allegation that these Defendants are liable because they failed to take any corrective action to curb the known pattern of physical abuse of inmates by Defendant Herring and other staff members. However, the record reflects that Plaintiff's claims of physical abuse and sexual harassment by Defendant Herring were investigated by Defendant Stacy Fish, an investigator with the Florida Department of Corrections' Office of the Inspector General, and the allegations were found to be unsubstantiated. <u>See</u> Ex. A; Ex. B. Thus, these officials cannot be found liable for failing

11

to take corrective action where an investigation was conducted and the conduct about which Plaintiff complained was not corroborated.

Furthermore, to the extent that Plaintiff alleges these Defendants should be held liable because they failed to act on his grievances regarding Defendant Herring, such a claim in unavailing.

> Federal courts which have addressed the issue of whether defendants may be held liable for their participation or lack thereof in the grievance process have held that inmates are not constitutionally entitled to a grievance procedure, and therefore, the state creation of such a procedure does not give rise to a substantive constitutional right, particularly a liberty interest under the Due Process Clause. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994), cert. denied 514 U.S. 1022, 115 S.Ct. 1371, 131 L.Ed.2d 227 (1995); Smith v. Corrections Corporation of America, 19 Fed.Appx. 318, 321 (6th Cir. 2001); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), cert. denied 488 U.S. 898, 109 S.Ct. 242, 102 L.Ed.2d 213 (1988). Liability, therefore, cannot be predicated upon a claim that the defendants failed to process grievances, Buckley v. Barlow, 997, F.2d 494, 495 (8th Cir. 1993), or failed to process them effectively, LaFlame v. Montgomery County Sheriff's Department, 3 Fed.Appx. 346, 347 (6th Cir. 2001), or failed to process them timely, Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D. Ill. 1982). See also Massey v. Helman, 259 F.3d 641 (7th Cir. 2001) (failure to provide grievance forms not a cognizable claim); Allen v. Wood, 970 F.Supp. 824, 832 (E.D. Wash.1997) (improper processing not cognizable); Ainsworth v. Terhune, 2002 WL 1837806 (N.D. Cal.) (inordinate delay not a claim).

Thomas v. Knapp, No. 4:07CV74-SPM/AK, 2007 WL 3012671, at *4 (N.D. Fla. Oct. 11, 2007) (footnote omitted). See also Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (finding that prison officials who were not involved in an inmate's termination from his

12

commissary job, and whose only roles involved the denial of administrative grievances or the failure to act, were not liable under § 1983 on a theory that the failure to act constituted an acquiescence in the unconstitutional conduct); Larson v. Meek, 240 Fed.Appx. 777, 780 (10th Cir. 2007) (not selected for publication in the Federal reporter) (finding that a defendant's "denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations"); Lomholt v. Holder, 287 F.3d 683, 684 (8th Cir. 2002) (per curiam) (finding that the "defendants' denial of [the inmate plaintiff's] grievances did not state a substantive constitutional claim").

Thus, summary judgment will be entered in favor of the Defendants with respect to Claim Eleven (Defendants Bryant and McNeil were deliberately indifferent to Plaintiff's safety in violation of the Eighth Amendment by failing to take action to curb the known pattern of physical abuse of inmates by Defendant Herring and other staff members) and the portion of Claim Thirteen (Defendants Fish and Decker were deliberately indifferent to Plaintiff's safety in violation of the Eighth Amendment by failing to take action to curb the known pattern of physical abuse of inmates by Defendant Herring and other staff members) that pertains to Defendant Decker.

Therefore, it is now

**ORDERED:**

1.    Plaintiff's Motion for Enlargement of Time (Doc. #70) is **GRANTED**.  Thus, Plaintiff's Response and Plaintiff's Motion to Dismiss the Defendants' Motion for Summary

Judgment and Demand for a Jury Trial in the Case at Bar (Doc. #71) is accepted as timely filed.

2. Defendants' Motion for Summary Judgment (Doc. #66) is **GRANTED** with respect to Claim Eleven and the portions of Claims Thirteen and Fifteen identified above. The motion is denied in all other respects.

3. Plaintiff's Motion to Dismiss the Defendants' Motion for Summary Judgment and Demand for a Jury Trial in the Case at Bar (Doc. #71) is **GRANTED** to the extent set forth in this Order.

4. Defendants shall file their pretrial narrative statement within **THIRTY DAYS** from the date of this Order.

5. This case is referred to the assigned Magistrate Judge to conduct whatever settlement efforts are indicated.

**DONE AND ORDERED** at Jacksonville, Florida this 1st day of February, 2010.

_____
TIMOTHY J. CORRIGAN
United States District Judge

ps 1/29
c:
Daven Bowden
Counsel of Record